## UNITED STATES *v.* DIXON.

*(District Court, N. D. California. December 11, 1890.)*

FEDERAL COURTS—WASHINGTON DISTRICT COURT—GRAND JURY.

Act Cong. April 5, 1890, entitled "An act to provide for the time and place to hold terms of the United States courts in the state of Washington," provides that "the state of Washington shall constitute one judicial district" uniformly refers to the court as the "district court for the district of Washington," and, though "for the purpose of holding terms by the district court," the district is divided into four specified "divisions," known as "Northern," "Southern," "Eastern," and "Western," the provisions respecting the times and places of holding court refer in terms "to civil suits not of a local character," and no mention is made of criminal offenses." *Held,* that under Const. U. S. Amend. 6, providing that in all criminal prosecutions the accused shall be tried by a jury of the "state and district wherein the crime shall have been committed," an indictment purporting to have been found "by the grand jurors of the United States of America for the northern division of the district of Washington, sworn * * * to inquire of all offenses * * * committed within the northern division of the district of Washington," was void, as the state constitutes but one district, and the jury must be drawn from and have power to inquire into offenses in the whole thereof.

At Law.

*Charles A. Garter,* U. S. Atty.

*William Hoff Cook,* for defendant.

HOFFMAN, J., *(orally.)* The defendant having been committed by the commissioner to answer for an offense triable in the district of Washington, application is now made for the usual order of removal to the district where his offense is justiceable. The only evidence tending to show his guilt was a certified copy of an indictment found against him. It purports to have been found "by the grand jurors of the United States of America for the northern division of the district of Washington, sworn and charged to inquire of all offenses against the laws of the United States, committed within the northern division of the district of Washington." It was evidently considered by the pleader that grand jurors should be summoned in and for the body of each of the divisions of the district of Washington which are mentioned in the act of April 5, 1890, and that their inquiries into offenses against the laws of the United States should be limited to offenses committed within the division of the district from which they are summoned. This method of procedure was evidently supposed to be authorized, if not required, by the third section of the act of April 5, 1890. That act is entitled "An act to provide for the time and place to hold terms of the United States courts in the state of Washington." The third section provides "that for the purpose of holding terms by the district court said district shall be divided into four divisions, to be known as the 'Eastern,' 'Southern,' 'Northern,' and 'Western' divisions.[1]" It then proceeds to designate the counties of the state which shall constitute each division. On recurring to the other provisions of the act, it will be seen that the intention of congress was to

---

[1] The western division is called the "Western District," evidently a misprint or clerical error.

constitute one district. The first section provides that "the state of Washington shall constitute *one* judicial district." The sixth section provides that the terms of the district court "for the district of Washington" shall be held at four different places mentioned in the section, and specifies the times of holding those terms. One clerk is appointed for the district court "for the district of Washington," and for the circuit court for the same district. But in order to carry out the provisions respecting the times and places of holding those courts in the "divisions" mentioned in the act each clerk is required to appoint a deputy, who shall reside in the division of the district in which such clerk shall not himself reside, each of whom shall, in the absence of the clerk, exercise all the powers, and perform all the duties, of the clerk within the division for which he shall be appointed. The phrase "District Court for the Northern Division of the State of Washington" nowhere occurs in the act. The court is uniformly named a "District Court for the District of Washington," and the person appointed clerk for the district of Washington acts in the subdivisions of the district by deputy. The terms of the court are described as the terms of the district court, not for the northern or other division of the district of Washington, but for the district of the state of Washington. The provisions of section 4, respecting the places and times of holding court, refer, in the language of the section, "to civil suits not of a local character." No mention is made of criminal offenses. It might seem that the averment in the indictment that the grand jury has been called and summoned for the northern division of the district of Washington may be considered a technical or verbal error; but this view I consider wholly untenable. From the organization of the government, the United States were divided into judicial districts, for each of which a district judge was appointed, and circuits were established comprising several districts in which circuit courts were held in and for each district composing the circuit. The sixth amendment to the constitution provides "that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." It has been shown that the state of Washington, by the terms of the act, constitutes but one judicial district. The right of the accused to be tried by a jury of that district would seem to be incontrovertible, nor can we suppose that congress intended to pass a law restricting that right, and thus in violation of the constitution. The object of the section relied on is apparent. It was merely to regulate the times and places for holding the district court for the district of Washington for the trial of civil cases, but in criminal prosecutions a jury must be drawn from the whole district, and not from any division of it. The limitation of the power of the grand jury to inquire only into offenses committed within the division of the district for which they are called would seem wholly without authority, nor would it be practicable. In all cases where crimes have been committed on board of American vessels, on the high seas, it could not be alleged that the crime was committed within the district or any

division thereof. The jurisdiction attaches "to the first district or circuit court in and for the district in which the offender shall be found, or into which he is first brought," (Rev. St. § 730,) and the jury, to indict or try such an offender, must be drawn from the whole body of the district. I am therefore of opinion that the indictment, a certified copy of which was presented to the commissioner, is invalid, and purports on its face to be found by a body of men not known to or authorized by law. It therefore must be treated as a nullity.